IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| THE MIRMAN GROUP, LLC, § | |
| § | |
| Plaintiff, § | |
| § Civil Action No. 3:20-CV-1804-D | |
| VS. § | |
| § | |
| MICHAELS STORES § | |
| PROCUREMENT COMPANY, INC., § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

The court must decide whether "snap removal" is permitted where the parties are completely diverse citizens but the removing defendant is a citizen of the forum state. Concluding that removal is permitted when the removing defendant has not yet been served at the time of removal, the court denies plaintiff's motion to remand.

I

Plaintiff The Mirman Group, LLC ("Mirman") brought this suit in Texas state court against defendant Michaels Stores Procurement Company, Inc. ("Michaels") for breach of contract. Mirman is a limited liability company whose members are all Nevada citizens and is therefore a Nevada citizen. Michaels is a Delaware corporation whose principal place of business is in Texas and is therefore a citizen of Delaware and Texas. The parties agree that the parties are completely diverse citizens.

On July 8, 2020 Michaels removed this lawsuit to this court based on diversity jurisdiction. Michaels was not served with process, however, until July 15, 2020. Mirman

moves to remand, contending that 28 U.S.C. § 1441(b)(2), often called the forum-defendant rule, bars removal based on diversity jurisdiction when the removing defendant is a citizen of the forum state. Michaels responds that § 1441(b)(2) bars removal only when a forum defendant has been properly served, so that a "snap removal" such as this is not precluded under the forum-defendant rule.

II

"As the removing party, [Michaels] has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Carnes v. Data Return, LLC*, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). "In general, defendants may remove a civil action if a federal court would have had original jurisdiction." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (citing 28 U.S.C. § 1441(a)). "Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which (a federal) statute has defined." *Victory Carriers, Inc. v. Law*, 404 U.S. 202, 212 (1971) (quoting *Healy v. Ratta*, 292 U.S. 263, 270 (1934)). "The federal removal statute, 28 U.S.C. § 1441[], is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997) (citing *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995)). "[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown &*

*Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

III

A

28 U.S.C. § 1441(b)(2) provides: "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Read literally, the statute allows removal by a properly-joined, sole defendant who is a citizen of the forum state, provided the defendant removes the case before being served with process.

Michaels posits that the Fifth Circuit's decision in *Texas Brine Co. v. American Arbitration Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020), requires a literal reading of the statute and supports removability. Mirman responds that *Texas Brine*'s interpretation of § 1441(b)(2) is inapplicable because in that case the removing defendant was not a citizen of the forum state, as is Michaels.

Because § 1441(b)(2) is unambiguous, the court applies its plain meaning. *See Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992) ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"). In *Texas Brine* the Fifth Circuit explained:

> [w]e agree with a comment made by the Second Circuit: "By its text, then, Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law; until then, a state court lawsuit is removable under Section 1441(a) so long as a federal district court can assume jurisdiction over the

action."

*Texas Brine*, 955 F.3d at 486 (quoting *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019)). Absent controlling authority to the contrary, this court is bound by *Texas Brine*. It therefore concludes that § 1441(b)(2) does not preclude removal because Mirman and Michaels are completely diverse citizens, and although Michaels, the sole defendant, is a citizen of the forum state, it removed the case before it was served with process.

B

The court is not persuaded by Mirman's argument that the court should ignore the plain meaning of the statute when the removing party is a forum defendant. *Texas Brine*'s reliance on recent decisions by the Second and Third Circuits—both of which permitted snap removal by *forum* defendants—supports the court's conclusion in this case. *See id.* at 485-87 (citing *Gibbons*, 919 F.3d at 705-06; *Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153 (3d Cir. 2018)).

In the excerpt quoted above, *Texas Brine* explicitly agreed with and adopted the Second Circuit's interpretation in *Gibbons*. *Id.* at 486 (quoting *Gibbons*, 919 F.3d at 705). *Texas Brine* also relied almost exclusively on *Gibbons* and *Encompass* to conclude that the plain meaning of the statute is not preposterous enough to warrant judicial revision. *Id.* at 486-87 (quoting *Gibbons*, 919 F.3d at 706; relying on *Encompass*, 902 F.3d at 153). The *Texas Brine* panel quoted reasoning from *Gibbons* that the "'properly joined and served' requirement" may be present to "provide a bright-line rule keyed on service, which is clearly

- 4 -

more easily administered than a fact-specific inquiry into a plaintiff's intent or opportunity to actually serve a home-state defendant." *Id.* (quoting *Gibbons*, 919 F.3d at 706). The panel agreed that "a reasonable person could intend the results of the plain language." *Id.* Similarly, the *Texas Brine* panel agreed with *Encompass* that "the result was not absurd because the interpretation gives meaning to each word and abides by the plain language." *Id.* (citing *Encompass*, 902 F.3d at 153). Although *Texas Brine* stated that it was "[o]f some importance" that the removing party was not a forum defendant, this language does not mandate an opposite result for a forum defendant, especially given the panel's reliance on *Gibbons* and *Encompass*. *See id.* at 487.

The district court opinions on which Mirman relies are distinguishable because they predate *Texas Brine*. Mirman primarily relies on *Breitweiser v. Chesapeake Energy Corp.*, 2015 WL 6322625 (N.D. Tex. Oct. 20, 2015) (Boyle, J.), and *Smethers v. Bell Helicopter Textron Inc.*, 2017 WL 1277512 (S.D. Tex. Apr. 3, 2017). In both cases, the courts noted the absence of any circuit court guidance on the issue. *Smethers*, 2017 WL 1277512, at *2 ("In fact, no federal appellate court has expressly ruled on snap removal."); *Breitweiser*, 2015 WL 6322625, at *3 ("Thus far, courts have received little guidance from appellate authorities."). And *Breitweiser* held that snap removal by a non-forum defendant was permissible, stating only in *dicta* that it would reach a different result with a forum defendant. *Breitweiser*, 2015 WL 6322625, at *6.

After *Texas Brine*, however, district courts have reached the same conclusion that this court reaches here. Another judge of this court recently held in two cases that, under the

- 5 -

statute's plain language, snap removal by a forum defendant is permissible. *See Baker ex rel. Estate of Baker v. Bell Textron, Inc.*, 2020 WL 5513431, at *7 (N.D. Tex. Sept. 14, 2020) (Starr, J.) ("[T]his Court holds that the plain language of § 1441(b)(2) allows snap removal by a forum defendant . . . ."); *Serafini v. Sw. Airlines Co.*, 2020 WL 5370472, at *5 (N.D. Tex. Sept. 8, 2020) (Starr, J.) ("Under the statute's plain text, a forum defendant may engage in snap removal when it is the sole defendant."). The Southern District of Texas also recently concluded that the "plain language of § 1441(b)(2) allows for removal of suits involving a single defendant who is a resident of the forum state and such construction is not an absurd result." *Latex Constr. Co. v. Nexus Gas Transmission, LLC*, 2020 WL 3962247, at *6 (S.D. Tex. July 13, 2020).

Based on the plain meaning of 28 U.S.C. § 1441(b)(2) and the Fifth Circuit's decision in *Texas Brine*, the court holds that Michaels properly removed this case.

\* \* \*

For the reasons explained, the court denies Mirman's motion to remand.

**SO ORDERED**.

September 22, 2020.

_Sidney A. Fitzwater_
SIDNEY A. FITZWATER
SENIOR JUDGE